## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4626 | **DATE** | 8/28/2008 |
| **CASE TITLE** | Eunice Esparza vs. LensCrafters, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed in forma pauperis (3) is granted. The Clerk of the Court is directed to issue summons and complaint to plaintiffs' counsel for service on defendant. A status hearing is set for 10/23/08 at 10:30 a.m. Plaintiff's counsel is to notify the defendant of status date.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

## ORDER

    Presently before us is Eunice Esparza's ("Plaintiff") application to proceed *in forma pauperis* with her employment discrimination case against her former employer, Lenscrafters, Inc. d/b/a Sears Optical and Luxottica ("Lenscrafters"). As discussed below, we allow this motion.

    Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We then review her complaint and dismiss it if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A), (B)(I)-(iii). Pursuant to Rule 12(b)(6), we may dismiss a complaint if it fails to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," or if it fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

    With regard to her allegation of poverty, Plaintiff's financial affidavit states that she is currently employed and receives a monthly salary of $656. Plaintiff indicates that she also receives $750 per month from rental payments, although her monthly mortgage payment is $1548. She has no additional sources of income or assets, and no dependents. Accordingly, her an annual income falls below the poverty threshold of $10,400 for a single person. (*See* 2008 Health and Human Services Poverty Guidelines). Indeed, it appears that between her wages and rental income, she still cannot pay her mortgage, let alone provide for other necessities of life. Plaintiff's affidavit indicates that her mother, who lives at the same residence, receives $800 per month in social security benefits and owns a bank account of unknown value. However, absent evidence that Plaintiff's mother is legally responsible for Plaintiff, we will not take her assets into account in determining Plaintiff's financial status. *See, e.g., United States v. Scharf*, 354 F. Supp. 450, 452 (E.D. Pa. 1973) ("Assets of relatives who have no legal responsibility for petitioner's welfare, such as the parents of an emancipated child, should not be considered in determining whether the petitioner should be allowed to proceed *in forma pauperis*."). We thus find that Plaintiff

**STATEMENT**

has established indigence.

We next must review the sufficiency of the Complaint. Plaintiff alleges that Lenscrafters subjected her to discrimination and terminated her employment in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. She alleges that she suffered sexual harassment, retaliation, and subsequently unlawful termination in January 2006 based on her age, sex, national origin, race and perceived mental disability. (Compl. ¶¶ 1, 4-12, 27-28, 43-44.) Although Plaintiff did not attach an EEOC right-to-sue letter to her Complaint or otherwise allege that she has exhausted her administrative remedies, we will not dismiss the action for failure to rebut such an affirmative defense. *See, e.g., Krause v. Turnberry Country Club*, No. 07C5329, 2008 WL 2819353, at *5 (N.D. Ill. Apr. 17, 2008). Examining her allegations, we find that Plaintiff has sufficiently stated a claim to survive this stage of review.

For the foregoing reasons, we grant Plaintiff's motion to proceed *in forma pauperis*. It is so ordered.